**Richard D. ROYER**

v.

**Jane E. ROYER.**

**No. 83–316–Appeal.**

Supreme Court of Rhode Island.

Dec. 17, 1985.

---

Paul P. Baillargeon, Woonsocket, for plaintiff.

Charles Greenwood, McKenna, Greenwood & Feinstein, Providence, for defendant.

## OPINION

MURRAY, Justice.

This matter is before this court on appeal by defendant Jane E. Royer (wife) from an order entered in the Family Court adjudging her in contempt of a final divorce decree. The wife also appeals from that portion of the order in which the court, although holding Richard D. Royer (husband) in contempt of the divorce decree, found that the parties had agreed to a reduction in child support. We affirm in part and vacate in part.

By final decree entered on April 25, 1980, the Family Court granted the husband's petition for absolute divorce on the grounds of irreconcilable differences. A property-settlement agreement, executed by the parties on January 24, 1980, was merged and incorporated by reference into the decree. Pursuant to paragraph 10 of the agreement, the wife was awarded custody of the parties' three minor children. The husband agreed to pay child support in the amount of $75 per week. The husband received all right, title, and interest in and to the marital domicile. However, the wife was to be permitted to reside therein rent free until such time as the youngest of the parties' children attained eighteen years of age. Further, it was agreed that no person, male or female, would be permitted to move into the home while the wife was living there rent free.

In February 1982, the eldest of the parties' three minor children attained age eighteen. At that time, the husband decreased weekly child-support payments from $75 to $50. The husband continued to make these reduced payments until on or about December 1, 1982, at which time he ceased all payments, alleging that the wife was violating the property-settlement agreement.

On January 14, 1983, the wife filed in the Family Court a motion to adjudge the husband in contempt, alleging that the husband had failed to comply with the child-support provisions of the agreement as incorporated in the decree. On this same date, the wife also filed a motion for an increase in child support.

On February 4, 1983, the husband filed a motion to adjudge the wife in contempt, alleging, inter alia, that she had violated the property-settlement agreement by permitting an unrelated male to reside in the marital domicile.

A hearing on the above motions was conducted on April 8, 1983. By order entered on April 21, 1983, the court found that the parties had agreed to reduce weekly child-support payments from $75 to $50. The trial justice held that the husband was in contempt of the agreement as a result of his failure to provide any child support after December 1, 1982. However, the husband would be permitted to purge himself by immediate, continual compliance with the orders of the court. Further, the wife's motion for an increase in child support was denied.

The court granted the husband's motion to adjudge the wife in contempt. The trial judge found that the wife had violated the property-settlement agreement by permitting a third party to move into the marital domicile. The court *sua sponte* issued a restraining order enjoining the wife from permitting any person other than a blood relative upon the premises after 9 p.m.

■ On appeal to this court, the wife alleges that the trial justice erred in finding that the parties had agreed to reduce child-support payments. She contends that, by its terms, the property-settlement agreement may be modified only by written consent of the parties or by decree of the Family Court. The parties agree that neither method of modification has been employed in the instant case. However, a written contract may be modified by subsequent oral agreement of the parties. *MBT Construction Corp. v. Kelhen Corp.,* —— R.I. ——, ——, 432 A.2d 670, 674 (1981); *Industrial National Bank v. Peloso,* 121 R.I. 305, 310, 397 A.2d 1312, 1314 (1979). The modification will be enforceable even though the parties have failed to employ the particular method of modification specified in the contract. —— R.I. at ——, 432 A.2d at 674.

It is well settled that a trial court's findings will not be disturbed unless the trial justice overlooked or misconceived material evidence or was otherwise clearly wrong. *Alix v. Alix,* —— R.I. ——, ——, 497 A.2d 18, 20 (1985); *Rochefort v. Rochefort,* —— R.I. ——, ——, 494 A.2d 92, 93 (1985); *Casey v. Casey,* —— R.I. ——, ——, 494 A.2d 80, 82 (1985).

■ The trial justice's finding that the parties had agreed to reduce weekly child-support payments from $75 to $50 is amply supported by evidence in the record. The husband testified that he and the wife orally agreed to the modification. The wife herself testified that she believed the husband's child-support obligation to be $50 per week. Further, over a several-month period, the wife accepted the reduced payments without objection.

■ The wife also contends that the trial justice erred in adjudging her in willful contempt of the property-settlement agreement as incorporated in the decree. The trial justice found that the wife had violated paragraph 10 of the agreement by permitting a third party to move into the marital domicile. Although conflicting testimony was presented concerning the frequency of the visits, it is clear from the record that a male acquaintance of the wife's was a frequent overnight guest in the home. The

trial justice's finding that such conduct constituted "moving into" the marital domicile in violation of the property-settlement agreement was not erroneous as a matter of law.

█ Finally, the wife argues that the trial justice abused his discretion by *sua sponte* issuing a restraining order enjoining her from permitting any person other than a blood relative upon the premises after 9 p.m. We agree. The restraining order is unduly restrictive and clearly beyond the scope of the property-settlement agreement. The agreement prohibits the wife from permitting a third party to move into the marital domicile. However, the restraining order enjoins the wife from receiving any visitors in the home after 9 p.m.

For the reasons stated, the wife's appeal is sustained in part and denied in part. The restraining order enjoining the wife from permitting nonblood relatives to be within the marital domicile after 9 p.m. is vacated, and the case is remanded to the Family Court for entry of an order in conformity with the terms of the property-settlement agreement. The judgment appealed from is affirmed in all other aspects.

BEVILACQUA, C.J., did not participate.