**Alan J. GOLDMAN**

v.

**Pauline J. GOLDMAN.**

**No. 87–26–M.P.**

Supreme Court of Rhode Island.

June 30, 1988.

---

Howard Lipsey, Linda J. Kushner, Lipsey & Skolnik, Ltd., Providence, for plaintiff.

Joseph T. Houlihan, Kathleen Managhan, Corcoran, Peckham & Hayes, Newport, for defendant.

## OPINION

FAY, Chief Justice.

This case is before the court on a petition for certiorari. In granting certiorari this court will address the issue of whether a Family Court justice erred when he refused the plaintiff's petition to modify alimony payments, holding that a separation agreement previously entered into by the parties continued to be an existing valid contract that controlled the rights and obligations of the parties. The language within the agreement specifically stated that the agreement would not "merge" into any subsequent divorce judgment and that any modification of the agreement would require the written consent of the parties. We reverse and hold that because the trial justice merged the marital-settlement agreement into the final-divorce judgment with the assent of the parties, the judgment supersedes any language to the contrary within the agreement. The facts of this case are as follows.

In September 1980 Alan J. Goldman (hereinafter plaintiff) filed a complaint for divorce in the Family Court, and in February 1981 Pauline J. Goldman (hereinafter defendant) filed a counterclaim for divorce. On July 2, 1981, prior to an entry of a judgment of divorce the parties executed a marital-settlement agreement that provided for, among other various rights and obligations, support payments for defendant's benefit in the amount of $1,300 per month. On August 21, 1981, a Family Court justice entered a judgment of divorce in favor of defendant's counterclaim, and at that time the trial justice merged the property-settlement agreement of July 1981 into that judgment. As we previously stated, that merger was in direct contradiction to the language set forth in the separation agreement, which states in pertinent part:

"*Seventeenth: Incorporation of Agreement:* In the event the parties are divorced, the provisions of the Agreement shall be deemed to be incidental to such divorce, and this Agreement shall be exhibited to said court and shall be incorporated, but not merged into said final decree of divorce by reference * * *."

The agreement further stated:

"*Eighteenth: Interpretation of Agreement:* This Agreement shall be construed and interpreted in accordance with the laws of the State of Rhode Island, and may not be amended or modified, except by written instrument executed by both parties."

However, at the hearing on July 2, 1981, defendant's counsel asked her on direct examination the following question:

"Q. Mrs. Goldman do you ask that this particular agreement be merged into and incorporated as part of the divorce decree entered in this court if it so chooses in this action?

"A. Yes."

This particular agreement was distinguished from a second agreement entered into by the parties in which defendant released any claim against certain assets of her husband in return for an automobile, home fuel, and telephone expenses. Upon defendant's request, the second agreement was incorporated into the judgment by reference and specifically not merged.

In April 1986 plaintiff filed a motion to modify alimony. He alleged that a substantial change in circumstances had occurred because defendant had been living openly with an unrelated male for a prolonged period. This, he alleged, changed her financial situation so as to warrant a modification of the prior order pursuant to G.L. 1956 (1981 Reenactment) § 15–5–16, as amended by P.L. 1984, ch. 79, § 1. On December 30, 1986, a trial justice of the Family Court issued a decision denying plaintiff's motion on the basis that the Family Court lacked jurisdiction to modify

alimony payments because the marital-settlement agreement continued as a viable contract that controlled the rights and obligations of the parties. From that decision plaintiff petitioned this court for certiorari. This court granted certiorari in March 1987.

The question before us today is whether the trial justice in December 1986 erred when he looked to the language within the separation agreement that prohibited modification, unless in writing, as determinative of that agreement's continued legal existence. We believe so. This court has held that a written contract may be modified by subsequent oral agreement by the parties even if they have failed to employ the particular method of modification specified in the contract. *Royer v. Royer*, 501 A.2d 739 (R.I. 1985). In such a situation the parties will be deemed bound by the modification if the trial court concludes that the parties waived their contractual rights regarding the procedure for modification. *Bohlinger v. Kagan*, 147 F.Supp. 910 (D. R.I. 1956); *MBT Construction Corp. v. Kelhen Corp.*, 432 A.2d 670 (R.I. 1981); *Industrial National Bank v. Peloso*, 121 R.I. 305, 397 A.2d 1312 (1979). In the case at bar the trial justice, on the day of the entry of the divorce judgment, clearly found this to be the case. The testimony at the hearing of July 2, 1981, established that the parties intended the agreement to merge into the divorce judgment. The defendant, on direct examination, specifically asked that the separation agreement merge into a subsequent judgment of divorce, and without any objection from plaintiff, the trial justice did just that. As this court has previously stated, the intention of the parties is a controlling factor when determining whether merger has occurred. *Ramsbottom v. Ramsbottom*, 542 A.2d 1098, 1099 (R.I.1988); *see also Flynn v. Flynn*, 42 Cal. 2d 55, 265 P.2d 865 (1954); Clark, *The Law of Domestic Relations in the United States*, § 18.17 at 779 (2d ed. 1988). We therefore hold that, relying upon the testimony at trial, the trial justice on the day of the entry of the divorce judgment was well within his discretion to presume that the parties had renegotiated and ultimately waived the clause that required written assent to merge the agreement. Other jurisdictions have also addressed this issue and have held that a final judgment of divorce that merges a property-settlement agreement into that judgment supersedes any language in the agreement to the contrary. *Kirkpatrick v. Smith*, 500 So. 2d 8 (Ala. Civ. App. 1986); *Young v. Burkholder*, 142 Ariz. 415, 690 P.2d 134 (1984); *In re Marriage of Lane*, 165 Cal. App. 3d 1143, 211 Cal. Rptr. 262 (1985); *Murphy v. Murphy*, 467 A.2d 129 (Del. Fam. Ct. 1983); *In re Marriage of Bolton*, 129 Ill. App. 3d 883, 85 Ill.Dec. 14, 473 N.E. 2d 382 (1984); *Marks v. Marks*, 316 N.C. 447, 342 S.E. 2d 859 (1986).

Once merged, the property-settlement agreement loses all vitality, and as this court recently stated in *Ramsbottom*, the judgment of divorce then controls the rights, privileges, and obligations of the respective parties. *Ramsbottom*, 542 A.2d at 1099; *Guglielmi v. Guglielmi*, 431 A.2d 1226 (R.I. 1981); *Weiner v. Weiner*, 113 R.I. 403, 321 A.2d 425 (1974); *see also Murphy v. Murphy*, 467 A.2d 129 (Del. Fam. Ct. 1983). Since a private contract between the parties no longer exists, the same rules that govern the enforcement of a divorce judgment now control. Clark, § 18.17 at 779; Green & Long, *Marriage and Family Law Agreements*, § 4.07 at 222 (1984). Under the statutory guidelines set forth in § 15–5–16, the Family Court has the power to modify any judgment relative thereto that it might have made in the original suit. However, any modification of a judgment awarding alimony must be based upon a substantial change in the circumstances of the respective parties. *Hopkins v. Hopkins*, 487 A.2d 500, 504 (R.I. 1985); *Murphy v. Murphy*, 471 A.2d 619, 623 (R.I. 1984); *Bocchino v. Bocchino*, 464 A.2d 715, 717–18 (R.I. 1983). As the mandate within *Ramsbottom* indicated, public policy prohibits a finding that cohabitation, absent additional evidence, is equivalent to a substantial change in circumstances. Thus if upon remand the plaintiff establishes that as a result of the defendant's alleged cohabitation her economic circumstances

have substantially changed, the Family Court may then modify alimony. *Fisk v. Fisk*, 477 A.2d 956, 958 (R.I. 1984).

For the reasons heretofore stated, the petition for certiorari is granted, the judgment of the trial justice is quashed, and the papers in this case are remanded to the Family Court with our opinion endorsed thereon.

SHEA, J., did not participate.