JAMES J. LEHMAN *et al.*, Plaintiffs-Appellees, v. CONTINENTAL HEALTH CARE, LTD., Defendant-Appellant.

First District (4th Division)   No. 1—91—3069

Opinion filed December 23, 1992.—Rehearing denied January 21, 1993.

Joel L. Widman, of Widman, Goldberg & Zulkie, Ltd., of Chicago, for appellant.

Schwartz & Rubin, of Chicago (John B. Schwartz and Stephen J. Caron, of counsel), for appellees.

JUSTICE McMORROW[1] delivered the opinion of the court:

Continental Health Care, Ltd. (Continental), entered into a settlement agreement with James J. Lehman (Lehman) and Medical Electronics Co., Inc. (MECO), to resolve the parties' dispute in litigation instituted in the Federal district court. Continental later obtained a money judgment from Lehman and MECO pursuant to the settlement agreement. Lehman and MECO then attempted to obtain relief from the Federal district court to enforce certain rights asserted by Lehman and MECO under the settlement agreement. The Federal district court dismissed the claims presented by Lehman and MECO, and

---

[1]Justice McMorrow participated in the disposition of this case prior to her becoming a member of the Supreme Court of Illinois.

they filed suit in the circuit court of Cook County with respect to their alleged rights under the settlement agreement. The Cook County circuit court granted the relief requested by Lehman and MECO, and Continental appeals.

Upon review, Continental argues that the Cook County circuit court claims filed by Lehman and MECO are barred by the doctrines of *res judicata*, collateral estoppel, and merger. Continental also asserts that the trial court's judgment was erroneously entered because it deprived Continental of the opportunity to file an answer or undertake discovery with respect to the claims raised by Lehman and MECO.

We conclude that the claims filed by Lehman and MECO are not barred by the doctrines of *res judicata* or collateral estoppel, since the Federal district court's dismissal was based upon the court's determination that it lacked the jurisdiction to entertain the motions filed by Lehman and MECO. We further determine that the claims presented by Lehman and MECO are not barred by the doctrine of merger, as Continental does not argue that the claims raised by Lehman and MECO were mandatory counterclaims in the Federal district court proceeding, and an award to Lehman and MECO of the relief they request will not nullify or impair the rights adjudicated in favor of Continental in the initial Federal district court proceeding. We also conclude that the trial court was not in error when it entered judgment in favor of Lehman and MECO, notwithstanding Continental's assertion that it was wrongfully deprived of the opportunity to file an answer to the complaint filed by Lehman and MECO, as the record shows that this assertion was not timely made by Continental and further reveals that Continental has offered no defense, but rather concedes the underlying basis of the claims presented by Lehman and MECO. Based upon these determinations, we affirm.

The record reveals the following pertinent facts. In 1987, Continental filed suit in the Federal district court against Lehman and MECO. (*Continental Health Care, Ltd. v. James J. Lehman & Medical Electronics Co., Inc.* (N.D. Ill. 1987), No. 87—C—4610.) In its complaint, Continental alleged that it had agreed to purchase new medical equipment from Lehman and MECO, and that Lehman and MECO had agreed to locate medical professionals to whom the equipment could then be leased by Continental. The complaint alleged that pursuant to this agreement, Continental had purchased medical equipment from Lehman and MECO and then leased the equipment to certain medical professionals. Continental further alleged that the medical equipment sold to it by Lehman and MECO had not been new equip-

ment, but rather was equipment already purchased and being used by the medical professionals to whom Continental was leasing the equipment. Continental alleged that by this scheme, Lehman and MECO facilitated the medical professionals' refinancing of equipment already in the possession of the professionals. Continental claimed that this arrangement, devised and perpetrated by Lehman and MECO, amounted to fraud and other related tortious behavior.

As a result of this litigation, Continental entered into a settlement agreement with Lehman and MECO on March 31, 1988. In the settlement agreement, Lehman and MECO agreed to obtain refinancing of certain equipment leases held by Continental. Lehman and MECO agreed that this refinancing would yield net proceeds to Continental of not less than certain stated amounts for each of the leases indicated in the agreement. Lehman and MECO further agreed that if they failed to obtain refinancing of any or all of the pertinent leases on or before July 8, 1988, Lehman and MECO would pay to Continental, on or before July 18, 1988, the payoff amount for each lease not refinanced.

The parties also agreed to the following pertinent terms in the settlement agreement:

"3. Continental agrees to cooperate with and assist Lehman and MECO, as may be reasonably necessary, in the refinancing of the leases which Lehman and MECO will be required to pay off in the event they are not refinanced \*\*\*, including assigning any and all rights, title and interest that Continental has or claims to have in any of the leases and equipment for the purposes of repossessing or refinancing of the subject equipment of a lease paid off by Lehman and MECO. Continental further agrees on demand to execute all such documents as may be necessary to facilitate the assigning or transferring of its interest in the said equipment and any leases of its interest in the said equipment and any leases paid off by Lehman and MECO and to reasonably assist and cooperate in the repossession of such equipment, if not refinanced, and to assign and transfer Continental's rights and claims to collect lease payments and to file UCC security documents as may be required.

\* \* \*

6. In the event that any or all of the leases enumerated in [the agreement] are not refinanced and the proceeds of the refinancing paid to Continental by July 8, 1988 and Lehman and MECO fail to pay to Continental the payoff amount of each lease not refinanced by July 18, 1988, Lehman and MECO con-

sent and stipulate to the entry of a judgment against them, jointly and severally, for the total of the payoff amounts of the leases not refinanced after deduction of payments received by Continental to July 8, 1988."

The document also recited that the agreement constituted the entire understanding of the parties and superseded any other agreement or understanding with respect to its subject matter. In addition, it was provided that the settlement agreement could be amended or modified only by written instrument executed by both parties.

Following execution of the settlement agreement, Lehman and MECO failed to obtain, by July 8, 1988, the refinancing of the leases specified in the agreement. In addition, they failed to remit to Continental, by July 18, 1998, the payoff amount of the leases governed by the settlement agreement. Continental subsequently obtained a judgment against Lehman and MECO in the Federal district court for the payoff amounts of the leases. This money judgment was later satisfied by Lehman and MECO.

Following satisfaction of the judgment, Lehman and MECO sought an assignment of the leases from Continental. Continental refused to assign any of the leases to Lehman and MECO. As a result, Lehman and MECO filed a complaint in chancery in the circuit court of Cook County on March 7, 1988. In this complaint, Lehman and MECO sought, *inter alia*, specific performance of the settlement agreement provision allegedly requiring Continental's assignment of the leases to Lehman and MECO, an injunction to prevent Continental from transferring, encumbering, or in any manner altering the legal or equitable title or interest in the leases, and an accounting of monies paid and received since the date on which money judgment had been satisfied.

On February 19, 1989, Lehman and MECO returned to the Federal district court and filed a motion to correct the court's judgment. Lehman and MECO argued that the money judgment entered by the court "did not accurately reflect the intentions of the parties or the Court in that it failed to include that on payment of the judgment, [Continental] would execute all documents necessary to facilitate the transfer of [Continental's] interests in the equipment and leases and cooperate with [Lehman and MECO] in the transfer of the equipment and leases and that all money paid to [Continental] under the leases after the date of the judgment, July 20, 1988, would be turned over to [Lehman and MECO] upon request."

A transcript of the proceedings before the Federal district court judge to whom the motion to correct was addressed indicates that the judge denied the motion, stating the following:

> "You [Lehman and MECO] should not have approved the judgment when it was a proposed judgment and when counsel for [Continental] tendered it to you, then you should have appeared in court *** or you should have insisted that everything that you are trying to incorporate into the judgment today was incorporated into the judgment [when it was entered]. I don't think I have jurisdiction to enter this, to entertain your motion to correct the judgment because from what both sides have told me, I don't think there is any clerical error in there. It is just something, from the defendants' [Lehman and MECO] standpoint, that should have been included in the original judgment order submitted to the Court. So your motion to correct the judgment is denied."

Thereafter, on August 10, 1989, Continental filed a motion to dismiss the Cook County circuit court complaint filed by Lehman and MECO, relying on section 2—619 of the Illinois Code of Civil Procedure. (Ill. Rev. Stat. 1989, ch. 110, par. 2—619(a)(4).) In this motion, Continental argued that the Cook County circuit court complaint was barred by the doctrines of *res judicata*, collateral estoppel, and merger. The Cook County circuit court judge entered an order that directed Lehman and MECO to seek relief in the Federal court, and held the Cook County circuit court cause pending while they attempted to pursue their Federal court remedy.

On May 26, 1990, Lehman and MECO again returned to the Federal district court and filed a motion to enforce the settlement agreement. In their motion, Lehman and MECO sought the same relief they requested in the Cook County circuit court proceeding, *i.e.*, specific performance, an injunction, and an accounting. According to a transcript of the Federal district court's hearing on the motion to enforce, the Federal district court denied the motion, reasoning as follows in its colloquy with counsel:

> "[Lehman and MECO] are stuck with the judgment. Any settlement negotiation is merged into the judgment ***. *** [I]t [also] seems to me as a matter of equity and good conscience, if [Lehman and MECO] w[ere] guilty of the breach, the[y] *** subsequent to that time can't come in and attempt to sue the Court to enforce the settlement agreement."

The Federal district court judge also observed, "Regardless of what the parties agreed in the settlement agreement, the parties cannot

agree to confer jurisdiction on the Court." The judge noted that when he had originally dismissed the case because of the settlement agreement, he also granted leave to reinstate within 90 days, and that he "specifically said at that time that I would not retain jurisdiction to enforce the settlment agreement after that time."

On June 21, 1990, Continental filed another motion to dismiss the Cook County action. Following briefing and argument, the trial court denied the motion to dismiss. In an order entered January 15, 1991, the trial court directed that Continental assign the leases to Lehman and MECO and that Continental give an accounting for amounts collected after a specified date. The court's order granted Continental 28 days to file a counterclaim for any damages it may have sustained because Lehman and MECO failed to obtain the refinancing of the equipment leases or remit to Continental the specified pay-off amounts within the time periods set forth in the settlement agreement. Thereafter, the court ordered that Lehman and MECO file a motion for judgment in the event that Continental failed to file a counterclaim for damages.

Continental did not file a counterclaim for damages, and on May 2, 1991, pursuant to prior court order, Lehman and MECO filed a motion for judgment in the Cook County circuit court proceeding. On June 6, 1991, Continental filed a response arguing that the trial court's order directing assignment of the equipment leases to Lehman and MECO had been improvidently granted, because Continental had not yet filed an answer to the complaint and the parties had not undertaken discovery. Following argument, the Cook County circuit court entered a final judgment that ordered Continental to assign the relevant leases to Lehman and MECO and further ordered Continental to pay Lehman and MECO $29,647.63 plus costs. This appeal followed.

Upon review, Continental argues that the Cook County circuit court complaint filed by Lehman and MECO is barred by the doctrines of *res judicata* and collateral estoppel. Continental contends that the Federal district court's denials of the motions filed by Lehman and MECO were decisions on the merits of the parties' dispute that cannot be relitigated in the State court proceeding. We disagree.

*Res judicata* bars a second adjudication of the parties' disputes where there has been or could have been a former adjudication on the merits and there is an identity of cause of action and parties or their privies in the two lawsuits. (*Simcox v. Simcox* (1989), 131 Ill. 2d 491, 497, 546 N.E.2d 609; *Catlett v. Novak* (1987), 116 Ill. 2d 63, 67,

506 N.E.2d 586; *Housing Authority v. YMCA* (1984), 101 Ill. 2d 246, 251-52, 461 N.E.2d 959.) Collateral estoppel prevents a party from relitigating a fact or issue in a second lawsuit, where the fact or issue has been previously adjudicated against that party in a separate, prior lawsuit. (*Fried v. Polk Brothers, Inc.* (1989), 190 Ill. App. 3d 871, 878, 546 N.E.2d 1160.) Both doctrines are intended to promote judicial economy and the finality of litigation. *Spiller v. Continental Tube Co.* (1983), 95 Ill. 2d 423, 432, 447 N.E.2d 834.

■ Continental asserts that the Federal district court's rulings were an adjudication on the merits of the parties' dispute. An adjudication is deemed "on the merits" when it determines the parties' respective rights and liabilities based on the facts before the court. (*Fried v. Polk Brothers, Inc.* (1989), 190 Ill. App. 3d 871, 878, 546 N.E.2d 1160.) Continental relies upon the Federal district court's observations with respect to the substantive merits of the parties' claims.

■ However, the transcript of the Federal district court's proceedings indicates that the court also denied the motions filed by Lehman and MECO because the court concluded that it had no jurisdiction to grant the relief sought by Lehman and MECO. Once a court expresses the view that it lacks jurisdiction, the court no longer has the power to rule on any other matter, and any additional finding on the merits carries no *res judicata* or collateral estoppel effect. (See *Bunker Ramo Corp. v. United Business Forms, Inc.* (7th Cir. 1983), 713 F.2d 1272, 1279.) Because the Federal district court determined that it did not have the jurisdiction to adjudicate the claims presented by Lehman and MECO, the court's rulings do not operate as a bar to the Cook County circuit court proceeding filed by Lehman and MECO. See *Brooks v. Arlington Hospital Association* (4th Cir. 1988), 850 F.2d 191, 196.

■ Continental also claims that the Cook County circuit court complaint filed by Lehman and MECO is barred by the doctrine of merger. As a general rule, when an action has been brought upon a contract and a judgment is entered pursuant to a determination of the nature or effect of the contract, the contract merges into the judgment and no further legal action can be maintained to enforce the terms of the contract. (*In re Marriage of Bolton* (1984), 129 Ill. App. 3d 883, 886, 473 N.E.2d 382; *Rock Island Bank & Trust Co. v. Stauduhar* (1978), 59 Ill. App. 3d 892, 900, 375 N.E.2d 1383.) Based upon this principle, Continental contends that when it obtained the money judgment against Lehman and MECO pursuant to the settlement agreement, the settlement agreement merged into the money

judgment and can no longer form the basis of additional litigation between the parties.

■ The rule of merger as invoked by Continental would preclude Continental from attempting to obtain additional relief upon the terms of the parties' settlement agreement. (See Restatement (Second) of Judgments §18 (1982).) With respect to a defendant against whom a judgment has been entered, however, the merger rule does not always preclude the defendant from instituting subsequent litigation to enforce the defendant's rights. Under the rule of merger, a defendant is prevented from relitigating claims that he was required to present in a counterclaim deemed mandatory, rather than permissive, in the jurisdiction where the original proceeding occurred. However, the merger rule permits a defendant to present claims in a second proceeding where the defendant's suit raises permissive counterclaims that, once adjudicated, will not nullify the initial judgment or impair rights established in the original action. Restatement (Second) of Judgments §22 (1982); see *Kennedy v. First National Bank* (1985), 129 Ill. App. 3d 633, 636, 473 N.E.2d 604; *Henry v. Farmer City State Bank* (7th Cir. 1986), 808 F.2d 1228, 1232-36; *Rudell v. Comprehensive Accounting Corp.* (7th Cir. 1986), 802 F.2d 926, 928-31; *Martino v. McDonald's System, Inc.* (7th Cir. 1979), 598 F.2d 1079, 1082-85; *Van Kooten Holding B.V. v. Dumarco Corp.* (N.D. Ill. 1987), 670 F. Supp. 227, 229.

■ Continental does not contend that the claims now raised by Lehman and MECO were in the nature of mandatory counterclaims in the Federal district court, where the money judgment was entered against Lehman and MECO. (See Fed. R. Civ. P. 13 (mandatory and permissive counterclaims); see also *Martino*, 598 F.2d at 1082 (where original action resulted in consent decree before defendant filed answer to complaint, Rule 13 distinction between mandatory and permissive counterclaim not applicable to defendant's claim in second suit not raised in prior litigation).) In addition, the complaint filed by Lehman and MECO in the Cook County circuit court does not attempt to attack Continental's entitlement to the funds it was awarded in the money judgment. The Cook County pleadings filed by Lehman and MECO seek to enforce their separate rights under the settlement agreement. As a result, granting the relief requested by Lehman and MECO in the Cook County circuit court proceeding did not nullify or impair the money judgment entered in favor of Continental. Consequently, Continental's merger argument is inadequate basis to alter the trial court's judgment in the instant cause.

■ Continental also contends that, even if the claims instituted by Lehman and MECO are not barred by *res judicata*, collateral estoppel, or merger, the trial court's judgment was nevertheless erroneous, because Continental was not provided adequate opportunity to file an answer to the complaint and has been accorded no opportunity to undertake discovery.

The record reveals that Continental did not raise these arguments until well after the entry of the trial court's order that Continental assign the equipment leases and give an accounting to Lehman and MECO. We conclude that Continental has not properly preserved its arguments in this respect, as issues not raised in a timely manner are deemed waived. (See, *e.g., Skelton v. Chicago Transit Authority* (1991), 214 Ill. App. 3d 554, 573 N.E.2d 1315.) We also note that Continental has not offered any valid defense to the complaint filed by Lehman and MECO. Our review of the record indicates that in hearings before the trial court with respect to Continental's motion to dismiss, Continental admitted to the trial court the terms of the parties' settlement agreement and further admitted that it had not assigned the leases or made an accounting to Lehman and MECO. In addition, we note that in the circuit court's proceedings, Continental conceded that the parties' settlement agreement intended that Continental would assign the equipment leases to Lehman and MECO upon their payment of the specified amounts of payoff stated in the settlement agreement. It is undisputed that Lehman and MECO have satisfied the money judgment that was entered against them. In light of all of these considerations, we find Continental's argument inadequate basis to disturb the trial court's judgment. See *Kennedy v. Miller* (1992), 221 Ill. App. 3d 513, 523, 582 N.E.2d 200.

For the reasons stated, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P.J., and LINN,[2] J., concur.

---

[2]Justice Linn participated in the disposition of this case prior to his retirement.