Nancy H. BORDEN,

v.

Kenneth P. BORDEN.

No. 93–411–Appeal.

Supreme Court of Rhode Island.

Nov. 22, 1994.

Robert D. Oster, Oster & Groff, Lincoln, for plaintiff.

Lauren Jones, Jones Associates, Providence, for defendant.

OPINION

WEISBERGER, Acting Chief Justice.

This question was certified by a judge of the Family Court and comes before this court pursuant to G.L.1956 (1985 Reenactment) § 9–24–27. The question certified to this court by the Family Court is as follows:

"When the final judgment provides that the Plaintiff is permitted to receive rehabilitative nonmodifiable alimony and maintenance, as set forth in the Court approved nonmerged Property Settlement Agreement, in exchange for permanently waiving all other claims she has for alimony and support, is alimony under the judgment or Property Settlement Agreement modifiable, assuming the Plaintiff can prove that

she has subsequently become totally disabled, despite the fact that the agreement's alimony is nonmodifiable?"

For the reasons discussed below, we answer this question in the negative. The facts of the case insofar as pertinent to this opinion are as follows.

Nancy H. Borden (Nancy or plaintiff) and Kenneth P. Borden (Kenneth or defendant) were married on June 14, 1969. Two children were born of their marriage. On July 8, 1991, Nancy and Kenneth were divorced by final judgment. Among the terms of a property-settlement agreement dated March 20, 1991, Kenneth was obligated to pay Nancy a lump sum of $250,000 and transfer to Nancy assets worth approximately $172,000 in addition to paying three years of rehabilitative alimony totaling $84,000. Kenneth's financial contributions to Nancy totaled approximately $506,000. In consideration of receiving the rehabilitative, nonmodifiable alimony as set forth in the agreement, Nancy permanently waived all other claims she had for alimony and support. The property-settlement agreement was approved by the court and was incorporated by reference in its decision and final judgment of divorce on July 8, 1991. The agreement, however, was not merged with the judgment and was expressly intended to remain separate and enforceable as an independent contract binding on both parties.

Approximately nineteen months after entry of the final judgment of divorce, Nancy, plaintiff in the Family Court, filed three consecutive motions requesting the court to modify, vacate, and set aside the final judgment. These motions were based on her assertion that the nonmerged property-settlement agreement providing for nonmodifiable rehabilitative alimony was conditioned on her ability to work and support herself in the future. Additionally plaintiff alleged that she was incapable of understanding or comprehending the property-settlement agreement at the time of its execution.

The plaintiff contends that she has become psychiatrically disabled and is unable to work or perform basic functions. The certified question assumes her contentions as to disability would be proven. However, the certified question does not address the issue of plaintiff's ability to understand the property-settlement agreement at the time of its execution. Nor do we address this contention in answering the certified question. The only issue to be decided, therefore, is whether alimony is modifiable under the judgment or the nonmerged property-settlement agreement if plaintiff can prove her total disability.

This court's decision in *Riffenburg v. Riffenburg,* 585 A.2d 627 (R.I.1991), is controlling in the instant case. In *Riffenburg,* we held that the Family Court has no authority to modify a separation agreement which has been incorporated by reference but not merged into a final divorce judgment. *Id.* at 630. In that case the parties executed a property-settlement agreement that was not merged with the final divorce judgment. *Id.* at 628. The settlement agreement stated that the husband must pay to the wife $100 a week for five years, but such obligation would terminate if the wife remarried or died within the five-year period. *Id.*

Approximately three years after the final divorce judgment, the husband moved to modify the final judgment to suspend his prospective alimony. The husband claimed that the wife was attempting to circumvent the true intention of the divorce judgment by cohabiting with her boyfriend and not marrying him until the five years of alimony payments were complete. In addition the husband claimed that since the time of the divorce his circumstances had changed adversely. His weekly income had decreased while the wife's weekly income had increased. *Id.*

This court denied the husband's request that the court "suspend" his alimony payments. *Id.* at 629, 630. Because the property-settlement agreement was not merged with the final divorce judgment, it retained the characteristics of a contract. *Id.* at 630. We adhered to the well-settled principle that modification of contracts can only be accomplished by the contracting parties. We further held that the judiciary has no authority to modify alimony in a nonmerged separation agreement. *Id.*

██ The Family Court has statutory authority to modify alimony when alimony is awarded by judgment or if alimony is provided in a property-settlement agreement that is merged into a final judgment. *Id.* at 629, 630; *Goldman v. Goldman,* 543 A.2d 1304, 1306 (R.I.1988); *Ramsbottom v. Ramsbottom,* 542 A.2d 1098, 1100 (R.I.1988) (citing G.L.1956 (1981 Reenactment) § 15–5–16, as amended by P.L.1981, ch. 320, § 1). When the parties specifically agree to keep the property-settlement agreement independent of the judgment, however, the court must adhere to basic contract principles and has no authority to rewrite the contract. *Riffenburg,* 585 A.2d at 630.[1]

██ In the instant case the final divorce judgment expressly provides that the property-settlement agreement be incorporated by reference but not merged therein. Thus, provided that the property-settlement agreement was reasonable and fair, rather than the product of fraud or coercion, this court has no authority to modify the agreement. *See id.* The separation agreement remains an independent, binding contract between the parties.

In addition it is always foreseeable that either party to a divorce action could become physically or psychiatrically disabled and unable to work at some time in the future. In fact defendant addressed the possibility of his own death by providing in the property-settlement agreement that plaintiff, and thereafter their children would be named beneficiaries of a sufficient amount of life insurance to cover his obligations under the agreement. Waiving long-term alimony in favor of other compensation, in this case rehabilitative alimony and a lump-sum payment, is a bargained-for risk and part of the negotiation process of the property distribution.

It is a basic purpose of divorce to sever the relationship between the parties and terminate their mutual obligations. A property agreement is designed to effectuate such a termination on a reasonable and fair basis in light of the information available to the parties at the time of the settlement. It would be contrary to settled law to allow modification of alimony in a nonmerged property settlement agreement, even if one party should suffer a change in circumstances. *See Riffenburg,* 585 A.2d at 630.

For these reasons we answer the certified question in the negative. The papers in the case may be remanded to the Family Court for further proceedings.

---

1. An exception to this rule exists when the same subject matter is addressed in both the divorce judgment and in a nonmerged property-settlement agreement, and the judgment specifically states that the judgment's treatment of the subject shall have independent validity from the property-settlement agreement. In such a case, the judgment shall have such independent validity and may be enforced or modified as may the other provisions of the judgment. *Riffenburg v. Riffenburg,* 585 A.2d 627, 631 (R.I.1991).

In the case at bar, the judgment does not state that the judgment's alimony provision shall have independent validity from the alimony provided in the property-settlement agreement.