C. Robert ARMSTRONG, Jr.

v.

Karen ARMSTRONG.

No. 95–162–Appeal.

Supreme Court of Rhode Island.

April 15, 1996.

David I. McKenna, Providence, for Plaintiff.

Damon D'Ambrosino, for Defendant.

## OPINION

PER CURIAM.

This matter came before a hearing panel of this court on March 19, 1996, pursuant to an order directing the parties to appear and show cause why the issues raised in the petition for certiorari should not be summarily decided. The plaintiff, C. Robert Armstrong, Jr. (plaintiff), seeks review of a Providence County Family Court's order denying his motion to modify final judgment and terminate alimony.

The plaintiff and defendant, Karen Armstrong (defendant), were divorced on April 11, 1990. Pursuant to a final judgment dated April 11, 1990, plaintiff was ordered to "pay $40 per week as rehabilitative alimony to the defendant for a period of 5 years. After 5 years the defendant waive[s] any claim to alimony."

On September 24, 1994, defendant married John Bond in the Commonwealth of Massachusetts. The plaintiff thereafter filed a motion to modify the final judgment and terminate alimony. After a hearing held on December 1 and 8, 1994, the trial justice denied plaintiff's motion.

■ The plaintiff subsequently appealed the trial justice's judgment to this court. We note that review of orders involving the modification of alimony are not appealable. General Laws 1956 § 14-1-52(b); *Cok v. Cok*, .558 A.2d 205, 207 (R.I.1989). Accordingly, in an order by this court entered on October 31, 1995, we stated that "[t]he appeal of the defendant will be deemed and construed to be a petition for certiorari."

■ On certiorari, plaintiff argues that pursuant to G.L.1956 § 15-5-16(C), the obligation to pay alimony shall automatically terminate upon the remarriage of a spouse who is receiving alimony. The plaintiff also contends that the trial justice has the authority to modify the alimony award on the basis of a showing of a substantial change of circumstances. In response, defendant concedes that the Family Court has the authority to modify an award of alimony upon a change of circumstances. However, defendant argues that § 15-5-16(C) does not operate "immediately [to] terminate the right to alimony as a matter of law, notwithstanding any prior Order of the Court." We hold that the statute is controlling.

■ Section 15-5-16(C) provides in relevant part that

"[a]fter a decree for alimony has entered, the court may from time to time upon the petition of either party review and alter its decree relative to the amount of the alimony and the payment thereof, and may make any decree relative thereto which it might have made in the original suit. The decree may be made retroactive in the court's discretion to the date that the court finds that a substantial change in circumstances has occurred; provided however, the court shall set forth in its decision the specific findings of fact which show a substantial change in circumstances upon which findings of facts the court has decided to make the decree retroactive. Nothing herein provided shall affect the power of the court as hereafter provided by law to alter, amend, or annul any order of alimony heretofore entered. Upon the remarriage of the spouse who is receiving alimony, the obligation to pay alimony shall automatically terminate at once."

We hold that the statute is clear and compelling. It is well-settled doctrine that when a statute is clear and unambiguous, it is the obligation of this court to give effect to its clearly expressed intent. *Gilbane Co. v. Poulas*, 576 A.2d 1195, 1196 (R.I.1990). In such circumstances we must accord the words of the statute their literal and plain meaning. *Marran v. Baird*, 635 A.2d 1174, 1180 (R.I.1994); *City of Warwick v. Aptt*, 497 A.2d 721, 724 (R.I.1985).

The foregoing statute leaves no room for interpretation and mandates that "[u]pon the remarriage of the spouse who is receiving alimony, the obligation to pay alimony shall automatically terminate at once." Section 15-5-16(C).

■ The trial justice failed to give effect to the clear and unambiguous mandate of the statute on the ground that he was inhibited by the terms of the judgment from implementing such mandate. He was not so inhibited since the provision for alimony was part of the judgment and not an unmerged property settlement which would have independent contractual validity. Even in the absence of such a clear statute the Family Court has the power "to modify alimony when alimony is awarded by judgment or if alimony is provided in a property-settlement agreement that is merged into a final judgment." *Borden v. Borden*, 649 A.2d 1028, 1030 (R.I.1994); *see also Goldman v. Goldman*, 543 A.2d 1304, 1306 (R.I.1988); *Ramsbottom v. Ramsbottom*, 542 A.2d 1098, 1100 (R.I.1988). In the case at bar there was no independent property settlement, and alimony was ordered in the judgment of the court.

In the circumstances of this case the trial justice was in error in declining to grant the motion of the plaintiff seeking the termination of alimony. Nothing in the judgment could be construed to inhibit or to preclude obedience to the statutory command.

Accordingly, after hearing the arguments of counsel and reviewing the memoranda submitted by the parties, we grant the petition for certiorari, quash the order of the trial justice, and remand the papers in this case to the Family Court with our decision endorsed thereon and with directions to en-

ter an order terminating the payment of alimony as of September 24, 1994, the date of the defendant's remarriage.

FLANDERS, J., did not participate.