**Margaret P. SULLIVAN**

v.

**Timothy L. SULLIVAN.**

**No. 98-588-Appeal.**

Supreme Court of Rhode Island.

March 17, 2000.

Kathleen Managhan, Newport.

Richard E. Updegrove, Jr., Middletown.

---

## ORDER

This case came before us for oral argument March 7, 2000, pursuant to an order that had directed both parties to appear in order to show cause why the issues raised by this appeal should not be summarily decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by the appeal should be decided at this time.

The plaintiff, Margaret P. Sullivan (Margaret or plaintiff), has appealed from an order entered by a justice of the Family Court that permitted the defendant, Timothy L. Sullivan (Timothy or defendant), to cash in his pension following his termination of employment by the Federal Bureau of Investigation (FBI). The facts insofar as pertinent to this appeal are as follows.

The parties, Margaret and Timothy, were divorced by virtue of a Family Court final judgment dated October 27, 1995. On or around May 31, 1995, the parties entered into a Property Settlement Agreement (PSA), which was incorporated by reference into the divorce decree, but not merged with the final judgment. Paragraph fourteen of the PSA, the subject of this appeal, granted to plaintiff sixty percent of defendant's pension benefits.[1]

The defendant was employed by the Federal Bureau of Investigation as an agent for approximately twenty-two years. In January of 1998, defendant was terminated from the FBI when he was charged and convicted for driving under the influence and leaving the scene of the accident. At the time of his termination, his pension was valued at approximately $79,000. The defendant testified that he had no funds, except his unemployment compensation check in the amount of $862 every two weeks. He was unable to make his support payments.

The defendant filed a motion, which was heard on August 27, 1998, requesting, among other things, to cash in his federal pension subject to payment of plaintiff's share. The plaintiff objected, stating a preference that the pension be left in place until defendant attained an age for it to be distributed. Upon a finding of financial need, a Family Court justice granted defendant's request for relief. The plaintiff then filed this instant appeal.

On appeal, plaintiff argues that her situation is analogous to one where a party applies for an increase or decrease in alimony or support. She asserts that the trial justice did not have authority to order the early liquidation of defendant's pension fund because the provision was part of a property-settlement agreement, incorporated by reference, but not merged with the final decree. The plaintiff also argues that defendant did not satisfy his burden of proof to show that a premature liquidation would not result in prejudice to plaintiff.

In support of her arguments, plaintiff relies, in part, on this Court's decision in *Borden v. Borden*, 649 A.2d 1028, 1030 (R.I.1994), for the proposition that a trial justice has no authority to modify property-settlement agreements that are incorporated by reference, but not merged into the final divorce decree. However, the instant case is distinguishable from *Borden*. In *Borden*, the Court was faced with a motion to modify an alimony provision in a nonmerged property-settlement agreement in view of plaintiff's psychiatric disability. *See id.* at 1029. In the instant case, the trial justice noted that defen-

---

1. Paragraph fourteenth provided:
    "The Wife is granted sixty (60%) percent of the present pension benefits of the Husband. She shall commence receiving said benefits upon the retirement of the Husband. The amount of said payments upon the retirement shall be determined by an equation that would have the number of years the parties were married until September of 1995 as the numerator and the number of years the Husband served with the government as the denominator. Said equation shall thereafter be multiplied times sixty (60%) percent. *The Husband shall *** be restrained and enjoined from cashing or terminating said pension without Court approval."* (Emphasis added.)

dant's complaint with respect to paragraph fourteen was "not as much a motion to modify as a request to approve an early distribution to the [p]laintiff of her interest in his pension so that he can get his interest now." Unlike alimony provisions, defendant did not seek to modify the amount that plaintiff should receive from his pension or the formula to be applied in determining said amount.

Paragraph fourteen of the PSA specifically provides that defendant "shall be restrained and enjoined from cashing or terminating said pension *without Court approval.*" (Emphasis added.) Consequently, the plain language of the agreement affords to a justice of the Family Court discretion concerning whether and when defendant may cash in or seek early distribution of his pension fund.

In reviewing this exercise of discretion, we do not make de novo findings and conclusions of fact based on the evidence presented at trial. *Schaffner v. Schaffner,* 713 A.2d 1245, 1247 (R.I.1998). The appropriate standard of review is abuse of discretion or misconception of material evidence. *Thompson v. Thompson,* 642 A.2d 1160, 1162 (R.I.1994).

In the case at bar, the trial justice appropriately considered defendant's testimony regarding his significant change in financial condition since his termination as an employee of the FBI. She also took into account his inability to pay to his former wife alimony or support since May of 1998, his lack of medical coverage, his inability to contribute annually to his daughter's private school education, his $30,000 debt to three credit card companies, and a further $25,000 credit union loan. The trial justice found as a fact that defendant would need "a significant chunk of money to satisfy the outstanding obligations to his wife and children, to say nothing of creditors."

The plaintiff presented no evidence to establish that she would be injured by defendant's cash in of his pension fund. The plaintiff merely testified that her "preference" was to leave the money in the fund until defendant turned 62 and could drawn on his retirement. Taking all of this evidence into account, the trial justice found as a fact that plaintiff would not be prejudiced and would indeed receive the benefit of obtaining back support payments from defendant's share. Our review of the record indicates that the trial justice did not overlook or misconceive relevant evidence and that she did not abuse her discretion in allowing defendant to cash in his pension fund in accordance with his request and in accordance with the authority given to the trial justice by the PSA.

Consequently, the plaintiff's appeal is denied and dismissed. The order entered by the justice of the Family Court is hereby affirmed.