Frances M. RIFFENBURG

v.

George F. RIFFENBURG.

No. 89–402–Appeal.

Supreme Court of Rhode Island.

Jan. 16, 1991.

William J. Gallogly, Lenihan, Moone & Gallogly, Westerly, for plaintiff.

Thomas J. Capalbo, Jr., Westerly, for defendant.

OPINION

MURRAY, Justice.

This case is before us on the plaintiff's petition for common-law certiorari.[1] Two main issues are presented. First, does the Family Court have authority to modify alimony obligations as set out in a separation agreement, where the agreement has been incorporated by reference but not merged into a final divorce judgment? For the reasoning that follows, we rule that the Family Court lacks such authority. Second, when alimony is provided both in a nonmerged separation agreement and in a divorce judgment, is alimony under the judgment modifiable despite the fact that the agreement's alimony is nonmodifiable? We rule that the judgment's alimony is not modifiable, absent an explicit manifestation of intent that the judgment's alimony clause will have independent validity from

1. This matter was originally docketed as an appeal. However, the Court has decided to adjudicate the matter as a common-law petition for certiorari.

the agreement. We therefore reverse the Family Court's modification order.

Frances M. Riffenburg (plaintiff[2]) and George F. Riffenburg (defendant) were married on May 6, 1959. At least one daughter was born of their marriage. About 1985, the parties decided to divorce. They came to a mutual agreement on the distribution of the marital property and on the alimony obligations of each party. This agreement was embodied in a Property Settlement Agreement (agreement) which was executed on March 7, 1985. The plaintiff was represented by counsel but defendant was not. Two clauses of that agreement relevant to this petition are paragraphs 5 and 16. Paragraph 5 states:

"The husband shall pay to the wife the sum of $100.00 per week for alimony commencing one week after the date of the sale of the marital domicile and continuing for five (5) years thereafter for a total of 260 weekly alimony payments. The alimony payments shall cease upon the death or remarriage of the wife. Upon completion of the total alimony payments by the husband, the wife shall waive any further right to alimony. The alimony award is based on the wife's net weekly income of $80.00, and the husband's gross weekly income of $460.00."

Paragraph 16 states:

"In the event a Decree of Divorce is granted to either party hereto, this agreement may, at the request of either party, be submitted to the Court for its approval. In such event, the provisions contained herein shall not be merged in said Decree but shall survive the same and be binding and conclusive upon the parties for all time."

The parties obtained a final divorce judgment (judgment) from the Washington County Family Court on June 10, 1985. In paragraph 6 of the judgment, the Family Court justice found the agreement to be fair and equitable. The justice therefore incorporated by reference, but explicitly did not merge, the agreement into the judgment. In addition, paragraph 7 of the judgment made an award of alimony similar to the alimony given in paragraph 5 of the agreement. Paragraph 7 states:

"The Plaintiff, Frances Riffenburg, is awarded alimony from the Defendant, George Riffenburg, in the amount of $100.00 per week for the a [sic] five (5) year period commencing one (1) week after the date of the sale of the marital domicile. The alimony payments shall cease upon the death or remarriage of the Plaintiff, Frances Riffenburg. Upon completion of the total alimony payments by the Defendant, George Riffenburg, the Plaintiff, Frances Riffenburg, shall waive any further right to alimony."

On October 14, 1988, defendant filed a motion for modification of final judgment, to modify his prospective alimony obligations under "the Final Judgment of June 10, 1985." Although the title of defendant's motion suggests that he was seeking to modify paragraph 7 of the judgment, defendant did not specify whether he was seeking to modify paragraph 7 of the judgment and/or paragraph 5 of the agreement (which is incorporated into the judgment through paragraph 6 of the judgment). The defendant stated as the reason in support of the modification that plaintiff has been cohabitating with another man. He alleged that through the parties' child, he had learned that plaintiff intended to marry her cohabitant at the end of the five years of alimony payments. The defendant stated, therefore, that plaintiff was attempting to "circumvent[ ] the true intent of the divorce decree by living with her boyfriend and not marrying him until the 5 years [was] up. The true intent was for Defendant to provide Plaintiff [with] support for 5 years or until she had assistance from a man." The defendant further alleged as reason to support a modification that his gross income had decreased from $460 per week at the time of the divorce to $400 at present, and that plaintiff's gross income had increased from $306 per week at the time of the divorce to $440 at present. The

---

2. For reasons not relevant to this appeal, Frances M. Riffenburg was the plaintiff before the trial court. As concerns this appeal, she is the respondent to defendant's motion to modify.

defendant therefore requested that the court "suspend" his alimony obligations.

The plaintiff objected to defendant's motion to modify by relying on the legal theory that the Family Court does not have authority to modify a settlement agreement that is incorporated but not merged into a final divorce judgment. At the Family Court hearing, she argued also that there was no change in circumstances warranting modification of paragraph 7 of the judgment.

The Family Court heard this motion on April 14, 1989. In an order dated May 30, 1989, the Family Court retroactively modified paragraph 7 of the judgment *and* paragraph 5 of the agreement. The court ordered that defendant's obligation under paragraphs 7 and 5 of the judgment and the agreement, respectively, were "suspended" as of the first week of October 1988.

The plaintiff filed the present petition for certiorari, citing three errors by the trial judge. First, that the trial justice improperly construed defendant's motion for modification of the final judgment as including a motion to modify the agreement. The plaintiff argues that defendant never explicitly mentioned the agreement in his motion or in oral argument at the Family Court, and that the Family Court effectively modified the agreement *sua sponte*. The plaintiff's second argument is that even assuming there was a proper motion to modify the agreement, any modification must be made under contract principles, not the substantive law of alimony, because the agreement was not merged into the judgment. The defendant's motion must therefore be denied, plaintiff claims, because defendant has failed to show any basis in contract law to modify the agreement, such as fraud or duress. The plaintiff's third argument is that the trial justice failed to properly apply the *Bocchino v. Bocchino*, 464 A.2d 715 (R.I.1983), standard for modification of alimony under paragraph 7 of the judgment.

The defendant does not dispute that the agreement was not merged into the judgment. Rather, he contends that "the au-thority of the trial court to consider separation agreements and grant alimony includes the authority to modify alimony based on the needs of the parties, including those situations where an agreement between parties relating to alimony has been incorporated but not merged into the divorce decrees." The defendant cites in particular to G.L.1956 (1985 Reenactment) § 8–10–3(a) for the broad statutory authority of the Family Court to decline to specifically enforce a nonmerged separation agreement, provided "the needs of the parties so dictate." The defendant further argues that we should extend our holding in *Ramsbottom v. Ramsbottom*, 542 A.2d 1098 (R.I.1988) to the present case. In *Ramsbottom* this court held that where a separation agreement *is* merged into the divorce judgment, the court has authority under G.L.1956 (1981 Reenactment) § 15–5–16 to modify the alimony award as stated in the separation agreement. The defendant argues that there is no substantive difference between modifying alimony in a divorce judgment under § 15–5–16, and modifying alimony in a separation agreement under § 8–10–3. A contrary interpretation, defendant says, would leave the court in the undesirable position of being able to modify the judgment while denying it the ability to modify the agreement.

## MODIFICATION OF THE AGREEMENT

We agree with plaintiff that it is unclear whether defendant's motion to modify seeks to modify paragraph 7 of the judgment alone, or also paragraph 5 of the agreement (by virtue of the fact that the agreement is included by reference into the judgment by paragraph 6 of the judgment). The defendant contends in his appellate brief that the Family Court justice and all the parties in fact knew that defendant was moving to modify *both* the agreement and the judgment. Based on our examination of defendant's argument to the Family Court, we do not agree with him. In his memorandum of law in support of motion to modify alimony, defendant seems to have argued that he was moving to modify *just* the judgment and that plaintiff would

still be able to sue defendant on the agreement, on a contract theory. A choice paragraph from defendant's memorandum states: "modification[ ] by the Family Court of alimony [granted by the judgment] does not foreclose the opposing party from suing on the Separation Agreement in the Superior Court for the difference between any reduced award and the amount provided for in the Separation Agreement * * *. In this case the Separation Agreement continues as a separate contractual agreement, and the Family Court has jurisdiction to modify and enforce the award of alimony in paragraph 7 of the Final Decree."

■ In any event, for purposes of this appeal we will assume that defendant's motion to modify covered both the agreement and the judgment. Therefore, we are faced with the question of whether the Family Court has authority to modify a separation agreement which was incorporated by reference but not merged into a final divorce judgment.

We answer this question in the negative. Although we have previously held that "[o]nce merged, the property-settlement agreement loses all vitality and * * * the judgment of divorce then controls the rights, privileges, and obligations of the respective parties[,]" *Goldman v. Goldman*, 543 A.2d 1304, 1306 (R.I.1988) (citing *Ramsbottom v. Ramsbottom*, 542 A.2d 1098, 1099 (R.I.1988)), we have never explicitly ruled on the other side of the question: what is the nature of an unmerged separation agreement? We rule today that a separation agreement that is not merged into a divorce judgment retains the characteristics of a contract. *See Johnston v. Johnston*, 297 Md. 48, 58, 465 A.2d 436, 441 (1983); *Knox v. Remick*, 371 Mass. 433, 435, 358 N.E.2d 432, 435 (1976); *Ballin v. Ballin*, 78 Nev. 224, 231, 371 P.2d 32, 36 (1962); *Kleila v. Kleila*, 50 N.Y.2d 277, 283, 406 N.E.2d 753, 757, 428 N.Y.S.2d 896, 900 (1980); *Andursky v. Andursky*, 382 Pa.Super. 1, 4, 554 A.2d 571, 573 (1989); *see also O'Connell v. O'Connell*, 100 R.I. 444, 447, 216 A.2d 884, 886 (1966) (alimony support agreement a private agreement not controlled by a judgment). Hence we hold today that the judiciary is without authority to modify alimony in a nonmerged separation agreement. *See generally Kleila*, 50 N.Y.2d at 283, 406 N.E.2d at 757, 428 N.Y.S.2d at 900. In this unsurprising holding, we are essentially adhering to hundreds of years of contract theory that the modification of contracts can only be accomplished by the contracting parties. As the average contract that is fairly entered into is nonmodifiable by a court, so too is the separation agreement with respect to alimony.

■ We note further that since the nonmerged separation agreement has the characteristics of a contract and not a court judgment, the remedy for a party aggrieved by nonperformance of the contract is to sue for specific performance in a breach of contract action. *See Knox v. Remick*, 371 Mass. at 435, 358 N.E.2d at 435; *Andursky v. Andursky*, 382 Pa.Super. at 4, 554 A.2d at 573. Since a party will not have violated a court order by virtue of breaching the separation agreement, the remedy of contempt of court is not available. *See Mendelson v. Mendelson*, 75 Md.App. 486, 498, 541 A.2d 1331, 1337 (1988).

We consider further defendant's argument that other jurisdictions have sometimes allowed alimony obligations to be modified. *See, e.g., Knox v. Remick*, 371 Mass. at 436–37, 358 N.E.2d at 435–36. The *Knox* case cited by defendant concerned a scenerio in which a former spouse was moving to *increase* statutory alimony under a divorce judgment, despite a nonmerged separation agreement containing a provision that alimony under the agreement would be "full satisfaction of all future claims for support [and that the spouse would hold harmless the alimony-paying spouse] from the consequences of a future increase in support obligation resulting from a court order[.]" *Id.* at 436, 358 N.E.2d at 435. The Massachusetts Supreme Judicial Court held that if the agreement was not the product of fraud or coercion, was fair and reasonable at the time of the divorce judgment, the parties clearly understood that the agreement would be

the final statement on the subject of interspousal support, and that there were no "countervailing equities," then the above-quoted provision would be specifically enforced and *statutory* alimony would not be increased. Whatever may be the import of the *Knox* case in regard to modification of statutory alimony under a divorce judgment, the *Knox* court did not suggest that contractual alimony is ever modifiable. *See also Binder v. Binder*, 7 Mass. App. 751, 757–62, 390 N.E.2d 260, 264–67 (1979) (explaining *Knox* holding and modifiability of divorce judgments).

## MODIFICATION OF ALIMONY UNDER THE JUDGMENT

 Both parties to this appeal have assumed that alimony under the judgment is modifiable regardless of how this court decided the issue of the modifiability of the agreement. The briefs before this court merely argue whether the Family Court properly determined that there had been a substantial change of circumstances such that the judgment should be modified. However, we reject the parties' premise that the modifiability of the judgment is. an independent question from the modifiability of the agreement. *But see Couzens v. Couzens*, 140 Mich. App. 423, 429, 364 N.W.2d 340, 343 (1985) (where there are duplicate alimony provisions in a divorce judgment and in a nonmerged separation agreement, the agreement is not modifiable but alimony under the judgment is modifiable); *DePaolo v. DePaolo*, 104 A.D.2d 631–32, 480 N.Y.S.2d 10, 11 (2d Dept.1984) (same); *Binder v. Binder*, 7 Mass. App. at 757–58, 390 N.E.2d at 264 (same); *Murphy v. Murphy*, 467 A.2d 129, 132 (Del. Fam. Ct.1983) (same).

We rule today that where the same subject matter is treated both in a divorce judgment and in a nonmerged separation agreement, then the terms as stated in the separation agreement shall be binding and the divorce judgment is not enforceable or modifiable with respect to that matter. However, if the judgment explicitly states that the judgment's treatment of the matter shall have independent validity from the separation agreement, then the judgment shall have such independent validity and may be enforced or modified like the other terms of the judgment.

On the facts of the instant case, the divorce judgment does not have an explicit manifestation of intent that the judgment's alimony will have independent validity from the agreement's alimony. Therefore, we rule that alimony under the judgment is not modifiable or enforceable.

The plaintiff's petition for certiorari is granted. The decision of the Family Court is quashed with respect to the modification of alimony under both the agreement and the judgment. The papers of the case are remanded to the Family Court for further proceedings consistent with this opinion.