Dorothy A. MOLAK a.k.a. Dorothy Caron

v.

**Walter J. MOLAK, Jr.**

**No. 93–154–Appeal.**

Supreme Court of Rhode Island.

March 23, 1994.

Gian F. Brosco, A.J. Brosco, Providence, for plaintiff.

Thomas Pearlman, Pawtucket, for defendant.

OPINION

PER CURIAM.

This case came before the Supreme Court on February 28, 1994, pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be summarily decided. Walter J. Molak, Jr. (defendant), appeals from a Family Court order requiring him to pay the outstanding balance due in child-support payments as well as to pay for the education of his two sons beyond the age of majority.

After listening to the arguments of counsel and reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown and that the seventeen issues raised by defendant lack merit.

The key issue in this controversy (forestalled by defendant's "disappearance" between 1981 and 1991 when he was located, with the help of the Chiropractic Medical Association, in California) is whether the property-settlement agreement at the time of the parties' divorce in 1973 was merged into the final divorce decree.

Item 9 of the final decree of the Family Court entered August 2, 1973, states that "[t]he terms and conditions of the [P]roperty Settlement Agreement dated the 12th day of February, 1973, a copy of which is annexed hereto, is *incorporated by reference* into the terms of this Decree." (Emphasis added.)

The referenced property-settlement agreement states that defendant agrees to "make adequate provision for the continuing education of the * * * children * * * including their college fees."

A property-settlement agreement that is not merged into a final divorce decree retains the characteristics of an independent contract. *Riffenburg v. Riffenburg,* 585 A.2d 627, 630 (R.I.1991). Therefore, the terms of the agreement are controlling, and the defendant, in consequence, is required to pay the college expenses for his children in addition to other child-support payments.

The appeal is denied and dismissed, and the order of the Family Court is affirmed.

The papers in this case may be remanded to the Family Court.