Barbara J. BOWEN

v.

Bruce M. BOWEN.

No. 95-226-Appeal.

Supreme Court of Rhode Island.

May 10, 1996.

Albert D. Saunders, Jr., Greenwich, for Plaintiff.

Harold E. Krause, Jr., Providence, for Defendant.

**OPINION**

PER CURIAM.

This case came before a hearing panel of this Court for oral argument on April 16, 1996, pursuant to an order that had directed the defendant to show cause why the issues raised in his appeal should not be summarily decided.

After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by defendant's appeals will be decided at this time.

Barbara J. Bowen (Barbara) and Bruce M. Bowen (Bruce) were divorced by final judgment of divorce entered on October 29, 1984. Prior to the entry of that final judgment, they had executed a property settlement agreement that, while referenced in the final judgment for divorce, was never merged therein.

Bruce, commencing in 1991, failed to make the required monthly support payments called for in the property settlement agreement to Barbara. She thereupon filed a motion in the Family Court, seeking to have Bruce adjudged in contempt. He filed a motion to modify the property settlement support agreement, alleging a change in circumstances. After hearing, the Family Court granted Barbara's motion to adjudge Bruce in contempt and found Bruce to be in contempt for failure to pay the agreed-upon support payments. Bruce's motion to modify was denied. He appealed. On that appeal this Court on March 17, 1994, entered an order denying and dismissing Bruce's appeal and affirmed the denial of his motion to modify the support agreement/alimony payments. This Court also at that time vacated the Family Court's order adjudging Bruce to be in contempt. In that order this Court

stated that when a separation agreement had not been merged into the final divorce judgment, it retains the characteristics of a contract and not a court judgment and that Barbara's remedy for breach of that contract was by civil action for breach of contract or a civil action for specific performance in a breach of contract action. That order mirrored our holding in *Riffenburg v. Riffenburg,* 585 A.2d 627 (R.I.1991), and also in *Weiner v. Weiner,* 113 R.I. 403, 321 A.2d 425 (1974).

Barbara ostensibly took the path indicated by our March 17, 1994 order and in April 1994 filed a motion in the Family Court for specific performance of the property settlement support agreement.[1] After hearing, a justice of the Family Court granted Barbara's motion for specific performance. In addition, on the basis of the hearing evidence, he found that Bruce owed Barbara $15,500 pursuant to the property settlement agreement terms. A judgment containing those findings was entered on October 31, 1994, and Bruce filed a timely appeal therefrom.

Apparently both encouraged and revitalized by her recent success, Barbara next filed an application for a garnishment order pursuant to G.L.1956 § 15–5–25 so as to permit withholding of sums sufficient for Barbara's support from Bruce's earnings due from his employer. Under § 15–5–25 the garnished employer would be required to pay the amounts withheld from Bruce directly to the clerk of the Family Court. Another justice of the Family Court heard that motion to assign and granted same. Bruce filed a timely appeal from that assignment-garnishment order.

On appeal Bruce asserts (1) that the Family Court lacked subject matter jurisdiction to entertain and hear Barbara's motion-action for specific performance and (2) that the wage assignment-garnishment statute, § 15–5–24, is limited to providing relief only with regard to Family Court child-support orders,

---

1. We do not consider the motion for specific performance to constitute the civil action for breach of contract we alluded to in *Riffenburg v.*

*Riffenburg,* 585 A.2d 627 (R.I.1991), but many a traveler, despite taking the wrong route, reaches the desired destination.

and not for support payments to Barbara such as the $15,500 amount arising out of a property settlement contract and not deriving from an order of the Family Court. We disagree with those contentions.

■ As to the subject matter jurisdiction in the Family Court over the specific performance motion in question, we conclude that the Family Court had the requisite jurisdiction, both legal and equitable, to entertain Barbara's motion-action for specific performance of the property settlement agreement in question as well as her application for a garnishment order pursuant to § 15–5–25.

General Laws 1956 § 8–10–3 sets out the jurisdiction of the Family Court and in part specifically empowers that court to hear and determine all matters pertaining to:

> "property settlement agreements and all other contracts between persons who at the time of execution of said contracts, were husband and wife or planned to enter into that relationship."

It appears clear from the wording of § 8–10–3, as amended by P.L.1977, ch. 89, § 1 that the Family Court had subject matter jurisdiction of the property settlement contract entered into between the parties here at a time when they were husband and wife. Acting pursuant thereto the findings of arrearage and the order to pay same made by the Family Court justice were proper.

We note that in *Riffenburg v. Riffenburg*, 585 A.2d 627 (R.I.1991), and our previous order entered on March 17, 1994, in *Bowen v. Bowen*, No. 93–245–A, the P.L.1977, ch. 89, § 1 amended wording to § 8–10–3 was not raised by the parties. Had it been called to our attention, we might therein have concluded that the Family Court did in fact have jurisdiction over the property settlement contracts entered into between the parties therein despite the fact that those particular agreements had not been merged into the final decrees in those cases. *See, e.g., Abe-*

*don v. Abedon*, 121 R.I. 366, 371–72, 398 A.2d 1137, 1140 (1979).

■ As regards the authority and the jurisdiction of the Family Court to order Bruce to assign income due to him over to the clerk of the Family Court pursuant to § 15–5–24, we find the statute to encompass *judgments* containing child support orders as well as orders for support emanating from spousal support agreements recognized by § 8–10–3. In addition an order directing the assignment provided in § 15–5–24(1) can be made in proceedings subsequent to any initial spousal or child support order entered by the Family Court. Section 15–5–24(2). Once having undertaken to issue an income assignment order, the Family Court, pursuant to § 8–10–38, has been invested with the "like powers" of the Supreme and the Superior Courts as provided in G.L.1956 § 8–6–1. That statute permits the Family Court to frame and issue such "executions and other writs and processes, as may be necessary or proper to carry into full effect all the powers and jurisdiction" that had been vested in that court by constitution or statute. Garnishment of income from a defaulting obligor of support payments would be such a process available to the Family Court under § 8–6–1.

For the reasons stated, the defendant's appeals from the final judgment for specific performance and from the order garnishing his wages entered by the Family Court are both denied and dismissed. The judgment and order appealed from are affirmed, and the papers in the case are remanded to that court.

WEISBERGER, C.J., and MURRAY, J., not participating.