**Marion ATTILLI**

v.

**Leo ATTILLI.**

No. 97–417–Appeal.

Supreme Court of Rhode Island.

Jan. 8, 1999.

Susan E. McGuirl, Providence, for plaintiff.

Leo Attilli, North Providence, for defendant.

Before WEISBERGER, C.J., and LEDERBERG, and BOURCIER, JJ.

## OPINION

PER CURIAM.

This case came before a panel of this Court on October 20, 1998, pursuant to an order directing both parties to appear and show cause why this appeal from an order of the Family Court finding the respondent Leo Attilli in contempt of a property settlement agreement between him and his former wife should not be summarily decided.

After hearing the arguments of counsel and considering the memoranda submitted by both of the parties, we are of the opinion that cause has not been shown. The issues raised in this appeal will be decided at this time.

On December 6, 1989, the parties entered into a property settlement agreement that was eventually incorporated, but not merged, into the parties' final judgment of divorce entered on January 17, 1990. That settlement agreement provided that Leo Attilli (Leo) would "pay medical bills of Dr. Finer's [*sic*] office and Dr. Colletti" as well as "utility bills and house bills to the closing of the

---

house" and "any balance due and owing to the IRS as of the closing date of the house."

Prior to the entry of the final judgment of divorce, Marion Attilli (Marion) was under psychiatric treatment by Dr. Feiner and his clinical therapist, Debra Emery (Emery). That treatment continued after the entry of the final judgment of divorce. In September 1991, Marion initiated contempt proceedings in the Family Court because Leo had failed to pay Dr. Feiner's bills, as she alleged was required by the terms of the property settlement agreement. Leo asserted in his defense that the settlement agreement only provided for the payment of Dr. Feiner's bills that were due and owing at the time the agreement was entered into, and that the agreement did not provide for payment to Emery, only to Dr. Feiner.

After a hearing spanning three days in the Family Court, a justice of that court made several findings. He concluded that: the Family Court had jurisdiction to hear the contract dispute pursuant to *Bowen v. Bowen*, 675 A.2d 412 (R.I.1996); the settlement agreement required Leo to pay the bills of Dr. Feiner's "office," including the medical charges made by a therapist working in his office; Marion was treated both by Emery as well as by Dr. Feiner; and Leo "exhibited an utter and willful disregard of his responsibilities under the property settlement agreement and the final judgment of divorce." The trial justice then found Leo in contempt and ordered him to pay Marion $4,374 for the services rendered by Emery and Dr. Feiner as well as $1,500 in counsel fees. That amount owing to Marion was to be paid in weekly installments of $75. Leo timely filed an appeal from that decision. Our review of the record constrains us to conclude that the Family Court misinterpreted our decision in *Bowen*.

In *Bowen*, we pointed out that G.L.1956 § 8–10–3 provides that the Family Court has jurisdiction

"to hear and determine all matters pertaining to:

'property settlement agreements and all other contracts between persons who at the time of execution of said contracts, were husband and wife or planned to enter into that relationship.' " 675 A.2d at 414.

We further explained in *Bowen* that "the Family Court did in fact have jurisdiction over the property settlement contracts entered into between the parties therein despite the fact that those particular agreements had not been merged into the final decrees in those cases." *Id.* Our holding in *Bowen*, although clearly establishing for the first time that the Family Court has jurisdiction over nonmerged property settlement agreements, did not change existing law, as set forth in *Riffenburg v. Riffenburg*, 585 A.2d 627, 630 (R.I.1991) that "a separation agreement that is not merged into a divorce judgment retains the characteristics of a contract." We further stated in *Riffenburg* that "since the nonmerged separation agreement has the characteristics of a contract and not a court judgment, the remedy for a party aggrieved by nonperformance of the contract is to sue for specific performance in a breach of contract action. *** Since a party will not have violated a court order by virtue of breaching the separation agreement, *the remedy of contempt of court is not available.*" *Id.* (Emphasis added.)

Thus, Marion's motion to adjudge in contempt was not a viable option in this situation, where she is attempting merely to enforce the provisions of a nonmerged property settlement agreement. When Marion sought to enforce the terms of her property settlement agreement with Leo, she should have done so under contract principles of law, such as through a demand for specific performance in a breach of contract action. Her decision to initiate contempt proceedings instead of a breach of contract action is, unfortunately for her, fatal to her claims.[1]

---

1. We note that contempt proceedings would certainly be warranted if Leo still failed to specifically perform the settlement agreement after the Family Court had ordered such specific performance following a determination by that court, pursuant to contract principles, that Leo had breached the property settlement agreement.

Accordingly, for all the foregoing reasons, the appeal is sustained, and the judgment appealed from is vacated. The papers in this case are remanded to the Family Court with directions to dismiss the contempt motion without prejudice. Marion then can file a new complaint for breach of contract and specific performance in accordance with this opinion.

Justices FLANDERS and GOLDBERG did not participate.