**Dianne LECOURS**

v.

**Norman E. LECOURS.**

**No. 00–240–Appeal.**

Supreme Court of Rhode Island.

March 8, 2002.

Joseph A. Capineri, Pawtucket, Paul A. Fontaine, for Plaintiff.

Lauren E. Jones, Providence, for Defendant.

Present: WILLIAMS, C.J., LEDERBERG, BOURCIER, FLANDERS, and GOLDBERG, JJ.

## OPINION

**PER CURIAM.**

This case came before the Court for oral argument on February 4, 2002, pursuant to an order that directed both parties to appear and show cause why the issues raised by this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and that the issues raised by this appeal should be decided at this time. The facts pertinent to this appeal are as follows.

The defendant, Norman E. Lecours (defendant), appeals from a Family Court trial justice's order, finding him in contempt for failing to provide his former wife, Dianne Lecours (Dianne) life and health insurance, as outlined in their final judgment of divorce (decree). Specifically, the decree included provisions that required defendant to provide health insurance for Dianne through his business and maintain a life insurance policy "in an amount sufficient to pay off the mortgage on [the marital home]."

In addition to the decree, the couple executed a separate "Property Settlement Agreement" (settlement agreement) on April 25, 1996. Both parties were represented by counsel. The decree explicitly stated that the settlement agreement shall be "incorporated but not merged into this Judgment of Divorce and shall survive this Judgment of Divorce as an independent legal contract."

Like the decree, the settlement agreement had provisions requiring defendant to maintain health and life insurance. Specifically, the health insurance provision stated that:

"The [defendant] shall provide health insurance for [Dianne] through his business at no cost to [Dianne]. The health insurance coverage for [Dianne] shall be the same, or a reasonable equivalent, to [her] present health insurance coverage. [Dianne] agrees to work ten (10) hours per week for Andy's Tax Service, Inc."[1]

Moreover, the life insurance provision stated, in pertinent part, that "[t]he [defendant] shall maintain this life insurance policy in an amount sufficient to pay the mortgage with [Dianne] as beneficiary for so long as he has support obligations to [her] under this [a]greement."

In January 2000, defendant advised Dianne that her services no longer were needed at Andy's Tax Service. Consequently, she no longer was able to work ten hours per week, as stipulated in the settlement agreement. Shortly thereafter, defendant canceled Dianne's health insurance. Dianne later learned that the life insurance policy had lapsed two months after their divorce was finalized.

In September 1999, Dianne filed a motion to adjudge defendant in contempt of the decree. After a hearing, defendant agreed to modify the settlement agreement. Specifically, with regard to the life insurance, defendant made Dianne the beneficiary on an existing $50,000 policy that could not be revoked until the marital home is sold. Moreover, the Family Court justice stated that "[defendant's counsel] indicates, and has shown to me, an application for a new $100,000 policy." Finally, defendant's counsel "agreed that [defendant] will indeed provide that medical insurance for the benefit of Dianne * * * for her lifetime, at least in the same type of coverage or the same level of coverage that she had previously." An order outlining the new agreement was subsequently entered. The defendant never made any objection to its terms. However, defendant filed a timely notice of appeal, arguing that the modification significantly changed his obligations.

■ The defendant argues that because the settlement agreement was "incorporated but not merged" into the decree, it should be treated as a contract between the parties and thus, the only correct remedy for Dianne was an action for breach of contract. Furthermore, defendant asserts that it was error for the Family Court justice to modify the nonmerged agreement between the parties in a contempt proceeding. We disagree.

■ General Laws 1956 § 8–10–3 gives the Family Court broad powers to "hear and determine all matters pertaining to: 'property settlement agreements and all other contracts between persons who at the time of execution of said contracts, were husband and wife.'" *Bowen v. Bowen,* 675 A.2d 412, 414 (R.I.1996) (quoting § 8–10–3). Moreover, we have previously determined that the Family Court has jurisdiction over property settlement agreements, even when they are not merged into the final judgment of divorce. *Attilli v. Attilli,* 722 A.2d 268, 269 (R.I.1999). However, "a separation agreement that is not merged into a divorce judgment retains the characteristics of a contract." *Riffenburg v. Riffenburg,* 585 A.2d 627, 630 (R.I.1991) (citing *Johnston v. Johnston,* 297 Md. 48, 465 A.2d 436, 441 (1983));

1. The defendant, a self-employed accountant, owned Andy's Tax Service, Inc. from 1973 until 1998. During tax season, Dianne worked in this office on a part-time basis until 1998 and then in 1999, worked at Sanco, defendant's other accounting office.

*see also Donelan v. Donelan,* 741 A.2d 268, 270 (R.I.1999). It is well settled in "hundreds of years of contract theory that the modification of contracts can only be accomplished by the contracting parties." *Riffenburg,* 585 A.2d at 630.

In the instant case, the defendant agreed to modify the property settlement agreement at a Family Court hearing. Although the defendant argues that his agreement to the modifications of the Family Court reflected "obedience, not enthusiasm," it is clear from the record that the defendant's failure to object is tantamount to consent. Because he failed to preserve the issue for appeal, the defendant cannot now attack the validity of the new terms.

Accordingly, the defendant's appeal is denied and dismissed. The judgment of the Family Court is affirmed. The case is remanded to the Family Court.