Mark R. SMART

v.

Mary C. SMART.

No. 2009–212–Appeal.

Supreme Court of Rhode Island.

April 29, 2010.

Mark R. Smart.

Robert H. Friel, Esq.

ORDER

Before this Court is an appeal by Mark R. Smart (Mark) of a Family Court decision pending entry of final judgment entered on March 9, 2009. The decision is in all pertinent ways consistent with an agreement reached by Mark and his wife, Mary C. Smart (Mary), on April 28, 2008, the day a trial was to begin. After hearing testimony with respect to the breakdown of the parties' marriage, the trial justice concluded that their agreement was fair and equitable to each of them and properly provided for their minor children, and he rendered a decision that was consistent with that agreement. This case came before this Court for oral argument on April 8, 2010, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the parties' arguments and considering the memoranda submitted on behalf of each, we are satisfied that cause has not been shown, and we proceed to decide this appeal without further briefing or argument. For the reasons set forth in this order, we affirm the decision of the Family Court.

In May 2007, after nearly five years of marriage, Mark filed a complaint for divorce on the ground of irreconcilable differences that had caused the irremediable breakdown of the marriage. Shortly thereafter, Mary filed a counterclaim for divorce on similar grounds. On April 28, 2008, just before the trial began, the parties came to an agreement. The divorce agreement provided both for joint custody of the minor children and an equitable distribution of the marital assets. In addition, the parties agreed that Mark would pay $1,150 in monthly child support. Their mutual understanding also resolved an arrearage on payments owed to Mary by Mark, the division of outstanding credit card debt, and the distribution of proceeds from the sale of the marital residence. Finally, each party asked the court for a waiver of alimony and for permanent possession of one of their two cars.[1] The trial justice heard testimony to assess the validity and fairness of the agreement. After hearing testimony from each party, and after determining that they voluntarily and knowingly had agreed to its terms, the trial justice rendered a decision consistent with the agreement reached by the parties.

Unfortunately, despite the parties' agreement at trial regarding the disposition of their case, the relationship between them deteriorated in the months subsequent to the April hearing, and the parties were unable to agree on the decision pending entry of final judgment's language. As a result, the decision pending entry of final judgment was not entered in a timely manner. On July 16, 2008, Mark attempted to enter a decision pending entry of final judgment out of time, but Mary objected. On March 9, 2009, upon a motion by Mary, and without objection by Mark, a decision pending entry of final judgment was en-

1. This is not a complete list of the terms in the divorce agreement. Rather, it highlights the main points addressed in the agreement and raised by Mark on appeal.

tered by the trial court. From this decision, Mark appealed *pro se* to this Court.[2]

On appeal, Mark challenges the Family Court's findings about custody of the parties' two children and distribution of the marital assets.[3] In addition, Mark raises a litany of new factual issues that are not appropriately before this Court.[4]

We review the trial justice's decision in a divorce proceeding with deference. *Vicario v. Vicario*, 901 A.2d 603, 608 (R.I.2006). Generally, "[t]his Court will not disturb a trial justice's findings of fact in a divorce action unless he or she has 'misconceived the relevant evidence or was otherwise clearly wrong.'" *Id.* (quoting *Horton v. Horton*, 891 A.2d 885, 888 (R.I.2006)). With regard to property settlement agreements, "[t]he Family Court has broad power to review and to decide whether to approve proposed property settlement agreements, given the special status that the law accords to agreements between spouses." *Gorman v. Gorman*, 883 A.2d 732, 737 (R.I.2005) (citing *Lecours v. Lecours*, 792 A.2d 730, 731 (R.I.2002) and *Bowen v. Bowen*, 675 A.2d 412, 414 (R.I. 1996)).

After considering the submissions of the parties and examining the record, we conclude that the trial justice did not misconceive the relevant evidence. The testimony at the hearing, and the substance of the agreement between the parties, do not indicate that either party was coerced or that their agreement was involuntary.

Further, we conclude that the trial justice was not clearly wrong in determining that both parties knowingly and voluntarily agreed to all terms of their agreement.

For the reasons stated in this order, we affirm the decision pending entry of final judgment of the Family Court and remand the record to that tribunal.

Justice INDEGLIA took no part in the consideration or decision of this appeal.

---

2.  Mark entered his appearance in the trial court *pro se* on February 9, 2009. Previously, Mark was represented by counsel at all family court proceedings.

3.  Mark also appeals from a temporary order entered on July 11, 2007. However, the decision pending entry of final judgment entered on March 9, 2009, rendered that temporary order moot. In addition, Mark appeals the family court justice's order, dated February 10, 2009, denying his motion for absolute

divorce. The trial justice properly denied this motion on the ground that he had already granted a divorce to these parties at the April 28, 2008 hearing.

4.  In addition to his other claims on appeal, Mark seeks review of a denial of a motion for a new trial. Our review of the record reveals that Mark never filed a motion for a new trial nor has he briefed that issue before us. We, therefore, deem the issue waived.