DECISION
The parties are in agreement that the facts are as follows: In l999, Lisa A. Villareal and Edward C. Villareal, Jr. filed for divorce in the Rhode Island Family Court (Case No. P99-186). Mr. and Mrs. Villareal had two children, issue of their marriage. Their youngest child is Nisa Villareal born on May 7, l995. During their marriage, Mr. Mrs. Villareal owned real estate located at 25 West Scenic Drive, Johnston, R. I. When the divorce case was heard before the Family Court on August l3, l999, the parties presented a Property Settlement Agreement. A Final Judgment of divorce was entered on August l3, l999, but the Property Settlement Agreement was not merged into the terms of the Final Judgment.
The Property Settlement Agreement contained the following language:
 "FIRST: EQUITABLE DISTRIBUTION:
 A. MARITAL DOMICILE: The parties agree that the parties are the joint owners of the MARITAL DOMICILE located at 25 West Scenic View Drive, Johnston, R.I., The outstanding mortgage encumbering the said marital domicile is approximately $122,525.00.
 * * *
 D. In the event that the Husband becomes deceased prior to the time said marital domicile is sold in accordance with the terms and provisions hereinabove, the marital domicile shall be devised to the minor children of the parties. *Page 2 
 * * *
 FIFTEENTH: The parties hereto shall at any time and from time to time execute and deliver all such documents and all other assurances and do all such things as the other of them, his or her heirs, executors or administrators shall reasonably require for the purpose of giving full effect to these presents and the provisions and agreements herein contained.
 * * *
 SEVENTEENTH: The agreement contains the entire understanding of the parties and there are there are no representations, warranties, covenants or undertakings other than those expressly set forth herein. The parties hereby agree that this agreement shall be incorporated by reference but not merged in an Order including the parties' Final Decree of Divorce, subject to the approval of the Court, either directly or indirectly, provided, however, that if the provisions of this agreement shall not be so incorporated in any such Order they shall nevertheless continue and remain in full force and effect and shall be binding upon the parties hereto.
 * * *
 TWENTY-FIRST: Except as otherwise stated herein, all of the provisions of this agreement shall be binding upon the respective heirs, next of kin, executors, administrators and assigns of the parties."
 (Property Settlement Agreement, Exhibit 1 to Plaintiffs' memorandum and Exhibit 1 to Defendant's memorandum, pages unnumbered in original.)
The agreement was signed by each of the parties on August l2, l999 and each of the signatures were notarized.
On September 11, 2009, Mr. Villareal passed away. Mr. Villareal had signed a Quit Claim Deed of the West Scenic View Drive property in August 2009. He also executed a Last Will and Testament. The principal beneficiary of each of the Instruments was his new wife, Sandra, the Defendant herein. While the older Villareal child is now over eighteen, Nisa Villareal is fourteen years of age. *Page 3 
 I. The Declaratory Judgment Act empowers the Court to construecontracts
The State statute empowers this Court to construe and enforce rights under a contract:
 "G.L. 1956 § 9-30-2. Power to Construe. — Any person interested under a deed, will, written contract, or other writings constituting a contract, or whose rights, status, or other legal relations, are effected by a . . . contract . . . may have determined any question of construction or validity arising under the instrument, . . .[or] contract, . . . and obtain a declaration of rights, status, or other legal relations thereunder."
Contracts may be construed even before there has been a breach of the agreement. Section 9-30-3.
Our Supreme Court has construed the Act broadly to empower the Court to construe contracts:
 "The Uniform Declaratory Judgments Act (UDJA) grants broad jurisdiction to the Superior Court to "declare rights, status, and other legal relations whether or not further relief is or could be claimed." Section 9-30-1. Thus, despite the existence of other avenues of relief, we have recognized that a party is not precluded from proceeding under the UDJA, particularly when "the complaint seeks a declaration that the challenged ordinance or rule if facially unconstitutional or in excess of statutory powers, or that the agency or board had no jurisdiction.
 * * * It is furthermore well settled that the Superior Court has broad discretion to grant or deny declaratory relief under the UDJA." Tucker Estates Charlestown, LLC v. Town of Charlestown, 964 A.2d 1138, 1140-1141 (R.I. 2009) (case citations omitted.)
 II. The Property Settlement Agreement is binding.
The Rhode Island Supreme Court has enforced marital settlement agreements as executed, although not merged into a divorce contract. In a case strikingly similar to the *Page 4 
case at bar, a former wife filed a motion for enforcement of the agreement which required listing of certain properties for sale. Our high court held:
 "`property settlement agreement that is not merged into a divorce judgment retains the characteristics of a contract.' Riffenburg v. Riffenburg, 585 A.2d 627, 630 (R.I. 1991); See Ritter v. Mantissa Investment Corp., 864 A.2d 601, 607 (R.I. 2005) (holding property settlement agreement that was not merged into the divorce judgment "retains" contract "characteristics") (quoting Rittenburg, 585 A.2d at 630). Therefore, a property settlement agreement such as the agreement here that has been incorporated by reference in, but not merged with, a divorce judgment can be modified only if the parties consent or if a ground for reformation under contract law, such as ambiguity, exists." Gorman [v. Gorman, 883, A.2d at 732] at 740-41 (citing Riffenburg, 585 A.2d at 630). Paul v. Paul, 986 A.2d, 989, 995 (R.I., 2010).
The plain, clear and expressed language of the Property Settlement Agreement indicates that if the "Husband becomes deceased . . . the marital domicile shall be devised to the minor children . . ." and "all of the provisions of this agreement shall be binding upon the respective heirs, . . . and assigns of the parties." This Agreement is, therefore, binding and enforceable not only upon Mr. Villareal and his estate, but also upon his assignee, Sandra DeRobbio-Villareal.[1]
Mrs. DeRobbio-Villareal also claims that Nisa has no standing. Nisa is a minor, only fourteen years old, and therefore, she has filed suit via her mother, Lisa Villareal. It would be a legal fiction and an inefficient exercise of form over substance to require Lisa Villareal to file suit independently to enforce the contract as she is already named as a party, as her daughter's parent. Clearly, Nisa's mother has the right to institute the action on her behalf, and individually as she is not only Nisa's natural guardian but her next friend. *Page 5 
 III. Remedy Available
The Declaratory Judgments Act provides that the Court may grant further relief based on declaratory judgment whenever necessary or appropriate. Section 9-30-8. In this action, Ms. Villareal and her daughter Nisa have not only requested a declaratory judgment, but seek injunctive relief and other relief within the declaratory judgment. Accordingly, an order shall issue transferring the subject property at West Scenic View Drive to Nisa Villareal.
 IV. Conclusion
Summary judgment, granting a declaratory judgment, is granted for the Plaintiffs.[2] An order shall issue transferring the subject property to Nisa Villeareal. Plaintiffs' counsel shall submit the appropriate documents.
[1] The Defendant argued in its memorandum that the joint ownership converted to tenants in common after the marriage was dissolved. Regardless of how the joint ownership was converted, each of the parties were obligated to comply with the terms of the Property Settlement Agreement, conveying the property to Nisa Villareal upon her father's death.
[2] Even though the Defendant objected to entry of Summary Judgment, the Defendant has failed to raise any issue of fact. Indeed, the parties are in agreement as to the facts of this dispute. For example, there is no showing that the Property Settlement Agreement was amended or avoided at any time.