March 2, 2022

Shirley P. Morgan, in her capacity as  :
the Administratrix for the Estate of
Lisa A. Bicknell

v.                  :

Richard C. Bicknell        :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone (401) 222-3258 or Email: opinionanalyst@courts.ri.gov, of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Shirley P. Morgan, in her capacity as   :
  the Administratrix for the Estate of
     Lisa A. Bicknell

           v.           :

    Richard C. Bicknell.       :

Present:  Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ.

## O P I N I O N

**Justice Goldberg, for the Court.**  This case came before the Supreme Court on December 8, 2021, pursuant to an order directing the parties to appear and show cause why the issues before us should not be summarily decided.  The defendant, Richard C. Bicknell, appeals from a final judgment entered in favor of the plaintiff, Shirley P. Morgan, in her capacity as Administratrix for the Estate of Lisa A. Bicknell, following the grant of summary judgment in accordance with Rule 56 of the Superior Court Rules of Civil Procedure.  After examining the record and memoranda submitted by the parties, we are satisfied that cause has not been shown and, thus, the appeal may be decided at this time.  For the reasons stated herein, we affirm the judgment of the Superior Court.

## Facts and Travel

Richard C. Bicknell (Richard or defendant) and Lisa A. Bicknell (Lisa or decedent) were married on June 29, 1991, and had no children.[1] At that time, Lisa participated in an employee-funded 401(k) retirement plan through The TJX Companies, Inc. (TJX) (the retirement plan). As required by the retirement plan, Lisa designated her then-husband, Richard, as contingent death beneficiary. Richard and Lisa divorced on May 23, 2012, and entered into a property settlement agreement (the PSA) dated February 22, 2012, in the Family Court. The PSA contained a provision stating, "WIFE has a 401K' [*sic*] retirement plan with The TJX Companies, Inc. As of 12/31/11 the value of the account was approximately $102,000.00. HUSBAND waives *any and all* interest that he may have in said retirement plan."[2] (Emphasis added.) Furthermore, the PSA included a clause stating that any modification or waiver of the PSA "shall be effective only if made in *writing* and executed with the same formality as this Agreement." (Emphasis added.)

On August 5, 2018, Lisa died without a will and without having changed defendant's designation as beneficiary of the retirement plan. On May 14, 2019,

---

[1] Throughout this opinion, we sometimes refer to Richard Bicknell and Lisa Bicknell by their first names solely for the sake of clarity. No disrespect is intended.

[2] According to the complaint, the retirement plan's estimated value at the time the action was filed was approximately $190,000.

plaintiff filed a complaint seeking a temporary restraining order (TRO) to enjoin defendant from "disposing of, transferring, or conveying any portion of the money he has, or may receive from [TJX,]" and seeking judgment for the full value of the retirement plan, claiming that defendant had waived all interest in the retirement plan under the PSA. After the trial justice granted plaintiff a TRO, the parties stipulated that defendant would retain the retirement plan funds that TJX had released to him in a segregated retirement account, until further order of the Superior Court. Subsequently, plaintiff filed a motion for summary judgment on the ground that the PSA constituted a waiver of defendant's interest in Lisa's retirement plan. The trial justice concluded that the PSA clearly and unambiguously established that defendant had waived any and all interest in the retirement plan. Therefore, the trial justice granted summary judgment and ordered that the retirement funds be transferred to plaintiff. The defendant timely appealed the trial justice's decision.[3]

---

[3] As a preliminary matter, it is worth noting that review of this case was complicated by the existence of two documents entitled "Judgment" that contained similar language but were filed on different dates in the Superior Court. The first filing, standing alone, likely may have sufficed as a valid judgment from which an appeal might have been taken; however, taking into consideration all of the circumstances surrounding this matter, we assume without deciding that defendant's appeal from the later filed "Judgment" was timely, and we proceed to decide this appeal.

**Standard of Review**

"This Court reviews a grant of summary judgment *de novo*." *Sullo v. Greenberg*, 68 A.3d 404, 406 (R.I. 2013) (brackets omitted) (quoting *Sacco v. Cranston School Department*, 53 A.3d 147, 149-50 (R.I. 2012)). "Examining the case from the vantage point of the trial justice who passed on the motion for summary judgment, 'we view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law, we will affirm the judgment.'" *Id.* at 406-07 (brackets omitted) (quoting *Sacco*, 53 A.3d at 150). "Summary judgment is appropriate only when the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" *Sola v. Leighton*, 45 A.3d 502, 506 (R.I. 2012) (brackets omitted) (quoting *Plunkett v. State*, 869 A.2d 1185, 1187 (R.I. 2005)). "Where the facts suggest only one inference," the hearing justice may treat the issue as a matter of law. *See Deutsche Bank National Trust Company, for Registered Holders of Ameriquest Mortgage Securities, Inc. v. McDonough*, 160 A.3d 306, 311 (R.I. 2017) (brackets omitted).

"Although summary judgment is recognized as an extreme remedy, * * * to avoid summary judgment the burden is on the nonmoving party to produce

competent evidence that 'proves the existence of a disputed issue of material fact.'" *Sullo*, 68 A.3d at 407 (brackets omitted) (quoting *Mutual Development Corporation v. Ward Fisher & Company, LLP*, 47 A.3d 319, 323 (R.I. 2012)). However, "summary judgment should enter against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case * * *." *Correia v. Bettencourt*, 162 A.3d 630, 635 (R.I. 2017) (quoting *Newstone Development, LLC v. East Pacific, LLC*, 140 A.3d 100, 103 (R.I. 2016)).

**Analysis**

The defendant argues that the trial justice erred in granting summary judgment because a genuine issue of material fact remains: Whether Lisa's failure to change the beneficiary on her retirement plan constituted a waiver of defendant's "waiver" of his interest in the retirement plan under the PSA. The defendant claims that waiver is a question of fact. *See Haxton's of Riverside, Inc. v. Windmill Realty, Inc.*, 488 A.2d 723, 725-26 (R.I. 1985) ("As a general rule, the question of whether a party has voluntarily relinquished a known right is one of fact for a jury."). He also contends that the party alleging waiver has the burden to show its existence. *See Haydon v. Stamas*, 900 A.2d 1104, 1113 (R.I. 2006) ("The party arguing that there has been a waiver bears the burden of showing clearly its existence * * *."). The defendant asserted by way of affidavit that, after the divorce, the former spouses continued to see each other and that decedent

- 5 -

reassured him that she would never remove him as the beneficiary of the retirement plan.

On the other hand, plaintiff argues that the PSA is a binding contract governing the rights of the parties to the retirement plan. She also claims that, under the Employee Retirement Income Security Act of 1974, Lisa was required to name her spouse as the death beneficiary, unless Richard signed a waiver permitting her to designate a nonspouse. Although it was incumbent upon Lisa to notify the plan administrator of her change in marital status and to complete a new beneficiary designation, plaintiff contends, Lisa's failure to comply with this provision was merely a matter of personal irresponsibility and poor plan administration. Accordingly, plaintiff avers that, given the clear language in the PSA setting forth defendant's waiver of any interest in the account and defendant's only evidence of a genuine issue of material fact in the form of a self-serving affidavit, the trial justice did not err in granting plaintiff's motion for summary judgment. We agree.

The decedent's failure to remove defendant as the beneficiary of the retirement plan is of no moment in the circumstances of this case because such a change would not affect defendant's waiver of "any and all interest" that he may have had in the account. Therefore, the issue before this Court is whether *defendant* waived his interest in the retirement plan in accordance with the PSA's

waiver provision.  This question is a matter of contract interpretation and, thus, is controlled by the PSA.

"A property settlement agreement 'that is not merged into a divorce judgment retains the characteristics of a contract.'" *DiPaola v. DiPaola*, 16 A.3d 571, 576 (R.I. 2011) (quoting *Riffenburg v. Riffenburg*, 585 A.2d 627, 630 (R.I. 1991)).  With respect to contract interpretation, it is well settled that "[o]ur primary task * * * is to attempt to ascertain the intent of the parties." *Woonsocket Teachers' Guild, Local 951 v. School Committee of City of Woonsocket*, 117 R.I. 373, 376, 367 A.2d 203, 205 (1976).  "[T]he intention of the parties must govern if that intention can be clearly inferred from" the terms and express language of the contract. *Id.*  "In the absence of ambiguity, the interpretation of a contract is a question of law[.]" *Andrukiewicz v. Andrukiewicz*, 860 A.2d 235, 238 (R.I. 2004). "In determining whether an agreement is clear and unambiguous, the document must be viewed in its entirety and its language be given its plain, ordinary and usual meaning." *Arnold v. Arnold*, 187 A.3d 299, 311 (R.I. 2018) (quoting *W.P. Associates v. Forcier, Inc.*, 637 A.2d 353, 356 (R.I. 1994)).  "We have consistently held that a contract provision is ambiguous if it is 'reasonably susceptible of different constructions.'" *Carney v. Carney*, 89 A.3d 772, 776 (R.I. 2014) (quoting *Paul v. Paul*, 986 A.2d 989, 993 (R.I. 2010)).

Here, Richard and Lisa signed a PSA containing a waiver provision with very specific and clear language to the effect that defendant waived "*any and all interest that he may have*" in the retirement plan. (Emphasis added.) Furthermore, there is no evidence that either party executed a post-divorce modification or waiver of the PSA in writing. Therefore, we are of the opinion that the defendant waived any and all interest in the retirement plan and that no genuine issue of material fact remains in dispute. Accordingly, the trial justice properly granted summary judgment in favor of the plaintiff.

## Conclusion

For the reasons set forth in this opinion, we affirm the judgment of the Superior Court. The papers in this case may be returned to the Superior Court.



**STATE OF RHODE ISLAND**

**SUPREME COURT – CLERK'S OFFICE**
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

**OPINION COVER SHEET**

| | |
|---|---|
| **Title of Case** | Shirley P. Morgan, in her capacity as the Administratrix for the Estate of Lisa A. Bicknell v. Richard C. Bicknell. |
| **Case Number** | No. 2020-238-Appeal.<br>(WC 19-255) |
| **Date Opinion Filed** | March 2, 2022 |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. |
| **Written By** | Associate Justice Maureen McKenna Goldberg |
| **Source of Appeal** | Washington County Superior Court |
| **Judicial Officer from Lower Court** | Associate Justice Sarah Taft-Carter |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Mark T. Buben, Esq.<br>For Defendant:<br><br>Steven A. Robinson, Esq. |

SU-CMS-02A (revised June 2020)